UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

MARIO STEWART,

Defendant.

**SEALED INDICTMENT**

23 Cr. 361

## COUNT ONE

**(Deprivation of Rights Under Color of Law)**

The Grand Jury charges:

Background

1. At all times relevant to this Indictment, MARIO STEWART, the defendant, was employed by the Mount Vernon Police Department ("MVPD"). In or about 2014, STEWART was promoted to the rank of Sergeant.

2. At all times relevant to this Indictment, the MVPD maintained an Emergency Services Unit ("ESU"). ESU members were specifically trained to respond to situations involving, among other things, individuals experiencing mental health crises. Since at least 2010, STEWART was certified as a member of ESU.

3. At all times relevant to this Indictment, the Victim was a New York resident.

Stewart Deploys His Taser Seven Times During Call for Assistance

4. On or about March 26, 2019, several MVPD officers, including MARIO STEWART, the defendant, received a call to assist an individual who was behaving erratically in a parking lot in Mount Vernon, New York.

5. MARIO STEWART, the defendant, and six other MVPD officers arrived on scene

and encountered the Victim, who was standing half naked in the parking lot and experiencing a mental health crisis. STEWART, who was a Sergeant with ESU, was the supervisor on scene.

6. At the direction of MARIO STEWART, the defendant, the Victim was handcuffed, with his hands behind his back, and taken to the ground. The MVPD officers on scene, including STEWART, then secured the Victim's legs in a restraint bag in preparation to transport the Victim for medical assistance. At this point, the Victim was unable to move from the ground and was surrounded by seven MVPD officers, including STEWART.

7. As the Victim lay on the ground, handcuffed with his hands behind his back and legs secured in the restraint bag, MARIO STEWART, the defendant, directed the Victim to let go of a strap on the side of the restraint bag, which had temporarily prevented the MVPD officers from closing the restraint bag over the Victim's chest. When the Victim did not respond to STEWART's command, STEWART deployed his taser, striking the Victim's chest area.

8. Over the next two minutes, MARIO STEWART, the defendant, tased the Victim six additional times—for a total of seven tases. Each time the taser was deployed, the Victim remained on the ground, handcuffed with his hands behind his back and legs secured in a restraint bag. Each time the taser was deployed, STEWART was in the presence of six other MVPD officers.

## STATUTORY ALLEGATION

9. On or about March 26, 2019, in the Southern District of New York and elsewhere, MARIO STEWART, the defendant, while acting under color of law, willfully deprived the Victim of the right secured and protected by the Constitution and the laws of the United States to be free from unreasonable searches and seizures, which includes the right to be free from a law enforcement officer's use of excessive force, to wit, while working as a Sergeant with the MVPD,

STEWART tased the Victim seven times while the Victim lay on the ground, handcuffed with his hands behind his back and legs secured in a restraint bag, in the presence of six other MVPD officers. This offense involved the use of a dangerous weapon and resulted in bodily injury to the Victim.

(Title 18, United States Code, Section 242.)

███████████████████████  
FOREPERSON

*Damian Williams*
DAMIAN WILLIAMS
United States Attorney