UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARIO STEWART,<br><br>Defendant. | No. 23-CR-361 (KMK)<br><br>ORDER |

KENNETH M. KARAS, United States District Judge:

Pursuant to a scheduling order, (*see* Dkt. No. 14)—and following requests for extensions from both Parties, which the Court granted, (*see* Dkt. Nos. 20–23)—Mario Stewart ("Defendant"), through counsel, filed a pretrial motion (the "Motion"), setting forth various requests for relief on February 9, 2024, (*see* Not. of Mot. (Dkt. No. 24); Mem. of Law in Supp. of Def's. Mot. ("Def. Mem.") (Dkt. No. 25)). On March 11, 2024, the Government filed its Opposition. (*See* Mem. of Law in Opp'n to Def's. Pretrial Mot. ("Gov't Opp'n") (Dkt. No. 26).) Defendant did not file a Reply. (*See generally* Dkt.) For the reasons set forth below, the Court denies each of the requests in Defendant's Motion without prejudice.

Defendant first moves for an order excluding unspecified Rule 404(b) evidence. (*See* Def. Mem. 3–6.)[1] The Court denies this request without prejudice as premature. As noted *infra*, Defendant will have the opportunity to file a motion in limine to exclude any Rule 404(b)—or other—evidence that the Government intends to introduce at trial.

Next, Defendant asks the Court to order the Government to disclose any Rule 404(b) evidence that it intends to introduce at trial, as well as various other categories of evidence,

---

[1] Unless otherwise noted, the Court cites to the ECF-stamped page number in the upper righthand corner of each page.

including all documents and expert testimony that it intends to use at trial, and all *Brady*, *Giglio*, and Jencks Act material. (*See* Def. Mem. 6–16.) The Court denies this aspect of Defendant's Motion without prejudice as well. Well in advance of trial, the Court will set a schedule pursuant to which the Government will be required to disclose Rule 404(b) and all other trial evidence, as well as all *Giglio* and Jencks Act material, and which will provide Defendant ample time to make any motions in limine.[2]

Defendant also "request[s] that he be provided the minutes of the grand jury proceedings and the legal instructions provided to the grand jury or, in the alternative, request[s] that the Court review the grand jury minutes to determine whether they are factually or legally sufficient." (Def. Mem. 14.) "[A] party seeking disclosure of grand jury minutes must show a particularized need that outweighs the need for secrecy." *United States v. Cabrera*, No. 22-CR-10, 2024 WL 967542, at *2 (S.D.N.Y. Mar. 5, 2024) (quotation marks omitted). "Such review is rarely granted without specific factual allegations of government misconduct, and unsupported suspicions of grand jury abuse are not sufficient to justify disclosure of grand jury minutes[.]" *Id.* (citations omitted). Here, Defendant makes no argument *at all* as to how he has a particularized need for any grand jury that outweighs the need for their secrecy. (Def. Mem. 14.) Accordingly, the Court denies this request without prejudice.

---

[2] The Court notes that the Government has represented that it has—and will continue—to make the productions and disclosures that Defendant seeks here. (*See* Gov't Opp'n 12–16.) *See, e.g.*, *United States v. Rodriguez*, No. 19-CR-779, 2020 WL 5819503, at *10 (S.D.N.Y. Sept. 30, 2020) ("Courts in th[e Second] Circuit have repeatedly declined to issue pretrial discovery orders pertaining to *Brady* and *Giglio* material, upon a good faith representation by the government that it has complied—and will continue to comply—with its disclosure obligations."); *United States v. Allums*, No. 97-CR-267, 1997 WL 599562, at *1 (S.D.N.Y. Sept. 25, 1997) ("The Government has agreed to produce this material in time so that the defense may have an opportunity to challenge their admission; this is all that is required with respect to Rule 404(b) evidence.").

It appears that Defendant may also be seeking a bill of particulars.  (*See* Def. Mem. 1 ("The defense submits this motion to move for a bill of particulars[] . . . .").)  "Courts are only required to grant a bill of particulars 'where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused.'" *United States v. Raniere*, 384 F. Supp. 3d 282, 322 (E.D.N.Y. 2019) (quoting *United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004)).  "This standard turns on whether the information sought is necessary, not whether it is helpful." *Id.* (quotation marks and citation omitted).  "The defendant bears the burden of showing that 'the information sought is necessary' and that he will be prejudiced without it." *Id.* (quoting *United States v. Fruchter*, 104 F. Supp. 2d 289, 312 (S.D.N.Y. 2000)).  Here, aside from a stray reference to "a bill of particulars" on the first page of his Memorandum, Defendant makes no argument as to why he needs a bill of particulars.  Thus, because he has plainly failed to meet his burden at this juncture, this request is also denied without prejudice.[3]

In sum, the Court denies each of the requests in Defendant's Motion without prejudice.  The Clerk of Court is respectfully directed to terminate the pending Motion.  (*See* Dkt. No. 24.)  SO ORDERED.

Dated:   April 17, 2024
         White Plains, New York

_____
KENNETH M. KARAS
United States District Judge

---

[3] In the Conclusion to his Memorandum, Defendant states that he "requests, in connection with any disclosure(s) of post-sealed indictment conversations between [him] and a cooperating witness, that the [C]ourt order a hearing to determine whether his Sixth Amendment rights were violated[.]"  (Def. Mem. 17.)  Given that Defendant makes no other reference to this potential Sixth Amendment issue anywhere else in his Memorandum, the Court is unable to analyze it in any meaningful way.  Accordingly, this request is denied without prejudice.